SPRINT SOLUTIONS, INC. and Sprint Communications Company L.P., Plaintiffs,

v.

CONNECTIONS DIGITAL, LLC, Teon Miller individually and d/b/a Phonemax, Norman Lopez and Troy Scott, Defendants.

Civil Action No. 1:15–cv–00226–RWS.

United States District Court, N.D. Georgia, Atlanta Division.

Signed Nov. 4, 2015.

Gail Podolsky, Carlton Fields Jorden Burt, PA, Atlanta, GA, James B. Baldinger, Stacey K. Sutton, Carlton Fields, P.A., West Palm Beach, FL, for Plaintiffs.

Connections Digital, LLC, Atlanta, GA, pro se.

Teon Miller, College Park, GA, pro se.

Norman Lopez, Norcross, GA, pro se.

Troy Scott, Austell, GA, pro se.

### FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS CONNECTIONS DIGITAL, LLC, TEON MILLER INDIVIDUALLY AND D/B/A PHONEMAX, NORMAN LOPEZ AND TROY SCOTT

RICHARD W. STORY, District Judge.

Plaintiffs, Sprint Solutions, Inc. and Sprint Communications Company, L.P. (collectively "Sprint" or "Plaintiffs") brought the above-captioned lawsuit against Defendants Connections Digital, LLC, Teon Miller individually and d/b/a PhoneMax, Norman Lopez and Troy Scott ("Defendants") alleging that Defendants are engaged in an unlawful scheme to profit from the illegal acquisition and resale of new Sprint wireless telephones (collectively "Sprint Phones" or "Phones") by stealing the substantial financial investment that Sprint makes in its Phones, for their own profit and to the detriment to Sprint and its customers (collectively, the "Bulk Handset Trafficking Scheme" or the "Scheme"). Defendants and their co-conspirators acquire the new Sprint Phones through various methods, including the use of "runners" and "credit mules."[1] As part of the Bulk Handset Trafficking Scheme, the Phones, which may be purchased and sold multiple times, ultimately end up in the hands of someone other than the consumer with whom Sprint has a business relationship. Along the way, the Phones are "unlocked" so they will operate on a wireless network other than Sprint's. Often the ultimate user of the phone is located overseas, in a country where the wireless service provider does not underwrite the cost of new phones.

Defendants' Scheme takes advantage of the fact that Sprint invests in its Phones to reduce the costs for its consumers; wireless service providers in other countries do not. By obtaining the Sprint Phones under false or fraudulent pretenses from Sprint and diverting them to other markets where phones are not subsidized, the Scheme converts Sprint's investment dollars into profits for Defendants and their co-conspirators. Defendants' conduct has caused Sprint to suffer substantial losses, and has caused immediate and irreparable injury to Sprint and the Sprint trademarks.

As a result of the Defendants' involvement in the Bulk Handset Trafficking

---

1. A "runner" is an individual or entity that makes multiple purchases of new Sprint Phones on behalf of phone traffickers like Defendants. A "credit mule" is an individual or entity that signs up for wireless service with Sprint—never intending to comply with the terms of the agreement—to obtain new subsidized Sprint Phones for phone traffickers like Defendants.

Scheme, Sprint asserted claims against Defendants for common law unfair competition, tortious interference with business relations, tortious interference with contractual relations, conspiracy to commit fraud and fraudulent misrepresentation, unjust enrichment, conspiracy to induce breach of contract, common law fraud and fraudulent misrepresentation, federal trademark infringement under 15 U.S.C. § 1114, federal common law trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B), contributory trademark infringement, violations of the Georgia Computer Systems Protection Act, O.C.G.A. § 16–9–93, and violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, and conversion. Having reviewed the Complaint and file and being otherwise duly and fully advised in the premises, it is hereby

**ORDERED, ADJUDGED and DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in Sprint's Complaint.

2. Sprint has the right to use and enforce the standard character mark Sprint and the stylized Sprint Mark (collectively, the "Sprint Communication Marks"), as depicted below:

3. Sprint has been assigned the right to use and enforce the standard character and the stylized Virgin Mobile, payLo, Assurance Wireless and Boost Mobile trademarks (collectively, the "Assigned Marks"), as depicted below:

  

The Sprint Communication Marks and Assigned Marks will collectively be referred to as the "Sprint Marks".

4. Sprint uses the Sprint Marks on and in connection with its telecommunications products and services. The Sprint Marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with Sprint.

5. The Court finds that the Terms and Conditions and the language in and on the packaging constitute a valid and binding contract enforceable between Sprint and each of its customers. The Court finds the Terms and Conditions set forth certain rights and restrictions on the use of Sprint Phones. Among other things, the Terms and Conditions: (a) require that the customer pay applicable service charges and other related fees; (b) indicate that the Phone is designed to be activated on the Sprint CDMA network; (c) prohibit resale of Sprint Phones and related products and services; and (d) prohibit using the Phones for a purpose that could damage or adversely affect Sprint, for which Sprint is entitled to relief.

6. The Court finds that the conduct set forth in the Complaint constitutes: unfair

competition (Count 1); tortious interference with business relations (Count 2); tortious interference with contractual relations (Count 3); conspiracy to commit fraud and fraudulent misrepresentation (Count 4); unjust enrichment (Count 5); conspiracy to induce breach of contract (Count 6); common law fraud and fraudulent misrepresentation (Count 7); trafficking in computer passwords, 18 U.S.C. § 1030(a)(6) (Count 8); unauthorized access, 18 U.S.C. § 1030(a)(5)(C) (Count 9); unauthorized access with intent to defraud, 18 U.S.C. § 1030(a)(4) (Count 10); federal trademark infringement, 15 U.S.C. § 1114 (Count 11); federal common law trademark infringement and false advertising, 15 U.S.C. § 1125(a)(1)(A) **and** (B) (**Count 12**); **contributory trademark infringement** (Count 13); conversion (Count 14); deceptive trade practices, Official Code of Georgia § 10–1–372, et seq., (Count 15); and violations of the Georgia Computer Systems Protection Act, Official Code of Georgia § 16–9–93(a)–(b) and § 16–9–93(e) (Count 16), and such conduct has caused substantial and irreparable harm to Sprint, and will continue to cause substantial and irreparable harm to Sprint unless enjoined.

7. Sprint has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendants' alleged conduct. On review and consideration of all relevant factors, Sprint is entitled to injunctive relief on the claims as set forth in the Complaint.

8. The Court finds that Defendants unlawfully trafficked in at least 3,975 new Sprint Phones. Sprint suffers at least $1,919.00 in losses for the unauthorized acquisition and resale of each new Sprint Phone. Sprint's damages from lost profits from new Sprint Phones that were illegally trafficked by Defendants add up to: $1,919.00 × 3975 new Sprint Phones = $7,628,025.00. In light of Defendants' willful violation of the Lanham Act and affirmative absence from this case, and because Defendants have caused damage significantly greater than that actually confirmed by Sprint's investigation, the Court will treble these damages to $22,884,075.00.

9. Sprint is also entitled to an award of its reasonable attorneys' fees and costs in the amount of $35,701.65.

10. Sprint is also entitled to an award of reasonable investigation fees in the amount of $2,379.50.

11. Final judgment as to liability is hereby entered against Defendants and in favor of Plaintiffs, Sprint Solutions, Inc. and Sprint Communications Company, L.P., on all of the claims set forth in Sprint's Complaint in the principal amount of $22,922,156.15 which shall bear interest at the legal rate, for which let execution issue forthwith.

12. For all Sprint brands, now and in the future, including but not limited to Sprint, Sprint Prepaid, Virgin Mobile, Boost, PayLo, and Assurance Wireless, Defendants and all of their past and present officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, companies, agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for it/him or on its/his behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or Defendants' representatives, agents, assigns, parent entities, employees, indepen-

dent contractors, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendants who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

a. purchasing, selling, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any Sprint Phones;

b. unlocking any Sprint Phones;

c. accessing, altering, erasing, tampering with, deleting or otherwise disabling the software contained in any Sprint Phones;

d. supplying Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in the purchase or sale of Sprint Phones or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in Sprint Phones;

e. supplying Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of Sprint Phones;

f. knowingly using the Sprint Marks or any other trademark, service mark, trade name or trade dress owned or used by Sprint now or in the future, or that is likely to cause confusion with the Sprint Marks, without Sprint's prior written authorization; and

g. holding themselves out as being associated with, employed by or on behalf of, or acting as an agent, representative or authorized partner of Sprint.

13. Pursuant to the Lanham Act, Defendants shall deliver and turn over all Sprint Phones and products in their possession, or subject to their custody or control, bearing or infringing any Sprint trademark or confusingly similar copy thereof, to Sprint within ten (10) days of the date of this Final Judgment.

14. The purchase, sale or shipment of any Sprint Phone without Sprint's prior written consent within and/or outside of the continental United States shall be deemed a presumptive violation of this injunction.

15. The Court retains jurisdiction to enforce any violation of the terms of this Permanent Injunction. Any such violation shall result in an order finding the Defendant in contempt and requiring payment of compensatory damages to Sprint in an amount of $5,000 for each Sprint Phone that a Defendant is found to have purchased, sold or unlocked in violation of this Permanent Injunction. The Court finds that these amounts are compensatory and will serve to compensate Sprint for its losses in the event a Defendant violates the terms of this Order.

16. The address of Plaintiff, Sprint Solutions, Inc. is 6200 Sprint Pkwy, Overland Park, Kansas 66251.

17. The address of Plaintiff, Sprint Communications Company, L.P. is 6200 Sprint Pkwy, Overland Park, Kansas 66251.

18. The last known address of Defendant Connections Digital, LLC is 1230 Peachtree Street, Suite 1966, Atlanta, Georgia 30309.

19. The last known address of Defendant Teon Miller individually and d/b/a PhoneMax is 5420 Riverdale Road, Apt. J8, College Park, Georgia 30349.

20. The last known address of Defendant Norman Lopez is 5140 Walden Mill Drive, Norcross, Georgia 30092.

21. The last known address of Defendant Troy Scott is 4333 Stonecrest Drive, Austell, Georgia 30106.

22. The Court hereby finds, pursuant to Fed.R.Civ.P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendants.